People v Thompson (2023 NY Slip Op 50644(U))

[*1]

People v Thompson (Tashad)

2023 NY Slip Op 50644(U) [79 Misc 3d 127(A)]

Decided on June 30, 2023

Appellate Term, First Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on June 30, 2023
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Brigantti, J.P., Michael, James, JJ.

571248/18

The People of the State of New
York, Respondent, 
against
Tashad Thompson,
Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York,
Bronx County (Patsy Gouldborne, J.), rendered November 9, 2018, after a nonjury trial,
convicting him of aggravated unlicensed operation of a motor vehicle in the second and
third degrees, and imposing sentence.

Per Curiam.
Judgment of conviction (Patsy Gouldborne, J.), rendered November 9, 2018,
reversed, on the law, the information dismissed, and any fine and surcharge paid by
defendant is remitted.
We agree with defendant that the information charging aggravated unlicensed
operation of a motor vehicle in the second and third degrees (see Vehicle and
Traffic Law §§ 511[1][a], 511[2][a][iii]) is jurisdictionally defective because it
failed to contain nonconclusory factual allegations to support an essential element of the
offenses, namely, that defendant operated a motor vehicle on a public highway "while
knowing or having reason to know" of the suspension or revocation of his license
(see Vehicle and Traffic Law § 511[1],[2]). The complaint itself is devoid
of any factual allegations from which it can be inferred that defendant had the requisite
knowledge. Nor, as the People contend, is defendant's knowledge properly inferable
from the November 5, 2016 "complied on" notation contained in the supporting
deposition, the abstract of defendant's driving record. Given the absence of any
explanation whatsoever for the "complied on" notation within the four corners of the
accusatory instrument, such notation is, without more, too conclusory to support the
inference that defendant surrendered his license to the Department of Motor Vehicles on
November 5th, 2016, and therefore had knowledge that his licence was suspended.
We further note that Criminal Court should not have looked beyond the four corners
of the accusatory instrument, including the supporting deposition, in an attempt to
salvage the instrument's sufficiency (see People v Slade, 37 NY3d 127, 136-137
[2021]; People v Hardy, 35 NY3d 466, 475 [2020]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: June 30, 2023